THE STATE OF OHIO, APPELLEE, *v.* WHITMEYER, APPELLANT.

(No. 3-83-4 — Decided August 22, 1984.)

*Stanley Flegm,* prosecuting attorney, and *Marcus Brubaker,* for appellee.

*Robert L. Brown,* for appellant.

MILLER, P.J.   This is an appeal by defendant, Kenneth W. Whitmeyer, from a judgment of conviction and sentence entered by the Court of Common Pleas of Crawford County.

The indictment stated that defendant "did cause or attempt to cause physical harm to James T. Johnson by means of a deadly weapon, to-wit: a piece of asphalt thrown from an overhead bridge, a Felony of the Second Degree, in violation of Section 2903. 11(A)(2) of the Revised Code of Ohio."

Defendant was found guilty and sentenced to two to fifteen years' imprisonment.

In his appeal defendant sets forth four grounds of error.

We will set forth such facts as are pertinent to each assignment of error in the discussion thereunder.

Assignment of error number one: "The trial court erred in suppressing the evidence of the lie detector and of its operator."

Prior to trial the state filed its motion *in limine* to prevent defense counsel, defendant, or any witnesses

from questioning or testifying concerning a polygraph examination which defendant had taken and which was arranged for and taken without the state being present. The trial court ordered that no evidence be presented at trial concerning or making reference to any polygraph test taken by defendant.

Defendant contends in his brief that the court could construe that there was, in fact, an agreement to the taking of a second polygraph test.

The syllabus of *State* v. *Souel* (1978), 53 Ohio St. 2d 123 [7 O.O.3d 207], states, as pertinent hereto:

"The results of a polygraphic examination are admissible in evidence in a criminal trial for purposes of corroboration or impeachment, provided that the following conditions are observed:

"(1) The prosecuting attorney, defendant and his counsel must sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs and the examiner's opinion thereon on behalf of either defendant or the state.

"(2) Notwithstanding the stipulation, the admissibility of the test results is subject to the discretion of the trial judge, and if the trial judge is not convinced that the examiner is qualified or that the test was conducted under proper conditions he may refuse to accept such evidence."

Subsequently, in *State* v. *Levert* (1979), 58 Ohio St. 2d 213 [12 O.O.3d 204], a *per curiam* opinion, the court said at 215:

"Appellant avers that the compulsory process clause of Section 10 of Article I of the Constitution of Ohio guarantees him the right to have the jury hear the results of his polygraph examination. In essence, we are urged to extend the holding in *State* v. *Souel* (1978), 53 Ohio St. 2d 123 [7 O.O.3d 207], 372 N.E. 2d 1318, wherein the prerequisites for the admissibility of polygraph evidence are set forth. We are unconvinced that a departure from the safeguards enumerated in *Souel* is required or would be wise at this time."

See, also, *State* v. *Williams* (1983), 4 Ohio St. 3d 53, 56, footnote 4, stating that "[n]othing in this case should be construed to weaken in any way the continued vitality of the *Souel* [53 Ohio St. 2d 123] holding."

We conclude from the above referred cases that a written stipulation by the prosecuting attorney, defendant and his counsel providing for the defendant's submission to the polygraph test and for its subsequent admission at trial is a necessary prerequisite to the admission of the results at trial, that no such written stipulation is apparent herein and that the trial court did not err in its ruling concerning the test.

The first assignment of error is overruled.

Assignment of error number two: "The trial court erred in permitting the jury to have in their deliberations written instruction concerning 'reasonable doubt.' "

After the jury had retired and had deliberated for some three hours it directed a note to the trial court asking, "May we have the Court's definition of reasonable doubt? We need documentary explanation."

The jury was then returned to the courtroom whereupon the trial court again read its instruction as to "reasonable doubt" as follows:

"Reasonable doubt is present when, after you have carefully considered and compared all the evidence, you cannot say you are firmly convinced of the truth of the charge. Reasonable doubt is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. Proof beyond a reasonable doubt is proof of such charac-

ter that an ordinary person would be willing to rely and act upon it in the most important of his own affairs.

"If after a full and impartial consideration of all the evidence, you are firmly convinced of the truth of the charge, the State has proved its case beyond a reasonable doubt. If you are not firmly convinced of the truth of the charge, you must find the Defendant not guilty."

The first paragraph of the above charge is the definition of reasonable doubt contained in R.C. 2901.05 and required by that section to be read to the jury as a part of the charge.

The jury was then returned to the jury room and shortly thereafter the trial court had the instruction as to reasonable doubt typed and submitted to the jury in that form.

Defendant objected to sending the typewritten portion of the charge to the jury room.

Crim. R. 30 provides that "[t]he court need not reduce its instructions to writing," but does not preclude the court from doing so.

We are cited to no Ohio authority nor are we aware of any such authority which prohibits a written charge or part thereof to be taken with the jury to the jury room.

In Annotation (1979), 91 A.L.R. 3d 382, at 397 ff., it is indicated that courts have held it both proper and improper to send a part of written instructions to the jury. Those courts holding that practice to be improper and prejudicial have centered on the fact that the jury might tend to overemphasize the matters submitted.

Here, however, the written portion of the charge as provided the jury dealt only with reasonable doubt, the highest degree of proof, and, if the jury were to overemphasize the particular charge, it would work to defendant's benefit and would thus not be prejudicial in effect.

The second assignment of error is not well-taken.

Assignment of error number three: "The trial court erred in failing to provide the jury with special instruction that 'Evidence of good character may itself raise reasonable doubt of guilt.' "

The transcript reveals that following closing argument and prior to the court's charge, the trial court stated:

"* * * THE COURT: A motion has been made * * * on behalf of the Defendant to make a charge during the instruction of the jury that evidence of good character may in itself cause reasonable doubt of guilt. * * * I am not going to give it because I am giving the character and reputation instruction that is standard in O. Jur. * * *"

Subsequently the trial court instructed the jury as to this issue as follows:

"* * * Now, the Defendant has offered testimony tending to show his reputation in the community in which he lives. Evidence of this nature is admitted because one who has a good reputation may be less likely to commit an offense than one who lacks that reputation. However, good character or good reputation is not an excuse for an offense.

"In determining the guilt or innocence of the Defendant, you my [sic] consider the testimony of his reputation and give it such weight as you determine it should receive in connection with all the evidence. * * *"

Paragraph two of the syllabus of *State* v. *Hare* (1912), 87 Ohio St. 204, provides:

"Evidence of their previous good character was offered by the defendants in the above case, and the court included in its charge a statement that 'proof of good character may of itself create a reasonable doubt, where otherwise no such doubt would exist.'

"*Held:* That this was erroneous, for the reason that it gave undue promi-

nence and effect to such testimony, and the court should have instructed the jury to consider the same in connection with all the other evidence in the case, in arriving at a verdict."

We further observe that Civ. R. 30(A) provides that "* * * any party may file written requests that the court instruct the jury on the law as set forth in the requests."

The record before us does not substantiate that the request was in writing in compliance with that rule.

We conclude that the trial court committed no error prejudicial to defendant in failing to charge the jury as set forth in the third assignment of error and overrule the same.

Assignment of error number four: "The trial court erred in failing to sustain defendant's Motion for a Directed Verdict for reason that the evidence was circumstantial, inference upon inference and was not proven beyond a reasonable doubt."

At the close of the state's case defendant moved "that the court take this case away from the jury and render a judgment in favor of the Defendant for the reason the State has failed to prove any facts on any part of their case; which is necessary to prove the Defendant guilty. So, we would ask the Court to render a judgment in favor of the Defendant."

The trial court overruled the motion and defendant presented his evidence, not thereafter renewing his motion.

Crim. R. 29(A) provides in pertinent part:

"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *"

However, it is well-established that where a defendant, after moving for a directed verdict at the conclusion of the state's case, offers evidence on his own behalf, any error which might have occurred in overruling the motion is waived. *State* v. *Durham* (1976), 49 Ohio App. 2d 231 [3 O.O.3d 208]; *State* v. *Collins* (1977), 60 Ohio App. 2d 116 [14 O.O.3d 94]; *State* v. *Deboe* (1977), 62 Ohio App. 2d 192 [16 O.O.3d 467].

The fourth assignment of error is not well-taken.

Finding no error prejudicial to defendant as assigned and argued, we affirm the trial court's judgment.

*Judgment affirmed.*

GUERNSEY and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Third Appellate District.