## State v. Higgins
*[Cite as 2 AOA 576]*

Case No. 88AP-633
Franklin County, (10th)
Decided April 5, 1990

**6th Amend. U.S. Const.**

Mr. Michael Miller, Prosecuting Attorney, Mr. Alan Travis and Mr. Patrick E. Sheeran, for Appellee.

Mr. Terry D. Van Horn, for Appellant.

STRAUSBAUGH, J.

This is an appeal by defendant from a judgment of the court of common pleas finding defendant guilty of felonious assault and child endangering.

Defendant, Thomas Higgins, was baby-sitting the two youngest children of Michael and Linda Allen on Sunday, October 26, 1986. Apparently, defendant had been a close family friend of the Allens for five years and had periodically watched each of the four Allen children, especially two-year-old Amanda and nine-month-old Sean. On the night in question, while baby-sitting Amanda, she suffered extensive bruises and a broken right leg.

The next day, defendant was arrested and charged with felonious assault and child endangering, both of which are second degree felonies. The Franklin County Grand Jury returned indictments on February 12, 1987 against defendant on one count of felonious assault under R.C. 2903.11 and on one count of child endangering pursuant to R.C. 2919.22.

Although the trial was originally scheduled for June 10, 1987, the matter was continued six times, twice at defendant's request, and was commenced on June 1, 1988. It was defendant's testimony that the injuries Amanda suffered were the result of a fall down the stairs which was the result of Amanda being startled while

standing on the second step from the top of the flight of stairs. Defendant further testified that he dove forward in an attempt to save Amanda, but was only able to grab a portion of her stomach; that his grip did not hold, and both he and Amanda fell down the rest of the stairs, landing on a hardwood floor; that he applied an ice pack to Amanda's face to reduce swelling; that he called the emergency squad because he felt her injuries were more serious than he initially suspected; and that he incurred several injuries to the upper portion of his body as a result of the fall. The state's evidence consisted primarily of the testimony of the examining physician, Dr. Elizabeth Allen, a medical resident in pediatrics who examined Amanda on the night in question, and the child's hospital records and reports, including the reports of two consulting physicians who also observed Amanda. Based on this evidence, a jury convicted defendant on both the felonious assault and child endangering counts on June 7, 1988. Defendant was then sentenced to two concurrent terms of four to fifteen years on each count.

Defendant now appeals and sets forth the following six assignments of error:

"1. The trial court committed prejudicial error in denying appellant's Rule 29 motion for judgment of acquittal.

"2. The trial court committed prejudicial error when it permitted Elizabeth Allen to give expert testimony concerning the cause of the victim's injuries when she was not a qualified expert.

"3. The court committed prejudicial error when, over objections of appellant, it failed to exclude from evidence prejudicially damaging hearsay contained in portions of the Children's Hospital medical records.

"4. The court committed prejudicial error by abusing its discretion when, in response to a jury question, it told the jury that 'all the hospital records were evidence' and by failing to allow the jury to rehear the testimony of the medical technician and Elizabeth Allen prior to reaching a decision.

"5. Appellant's right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution was violated.

"6. The jury's decision was against the manifest weight of the evidence."

Under his first assignment of error, defendant asserts that the trial court committed prejudicial error in denying defendant's Rule 29 motion for judgment for acquittal.

Crim. R. 29(A) provides:

"(A) Motion for Judgment of Acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

At the conclusion of the state's evidence, defendant made a motion for a judgment of acquittal under Crim. R. 29(A). Defendant's motion was overruled by the trial court. A review of the record indicates that defendant then proceeded to present his defense through his own testimony but failed to renew the motion at the close of all of the evidence. Plaintiff asserts that the actions of defendant constituted a waiver of any error by the court in overruling the motion. We agree. As provided in *State* v. *Deboe* (1977), 62 Ohio App. 2d 192, 194:

"*** An accused waives his right to a directed verdict of acquittal at the close of the state's case by thereafter introducing evidence and failing to renew the motion at the close of all the evidence. *State* v. *Houser* (1942), 73 Ohio App. 115; 15A Ohio Jurisprudence 2d 656, Crim. Prac. & Proc., Section 533; 2 Schroeder-Katz, Ohio Criminal Law 235-36. ***"

See, also, *State* v. *Durham* (1976), 49 Ohio App. 2d 231, 236 (since defendant elected to proceed with trial and offer evidence on own behalf following close of state's case, any error in overruling motion for acquittal was waived); *State* v. *Whitmeyer* (1984), 20 Ohio App. 3d 279, 282 ("*** it is well-established that where a defendant, after moving for a directed verdict at the conclusion of the state's case, offers evidence on his own behalf, any error which might have occurred in overruling the motion is waived ***"); *State* v. *Parks* (1982), 7 Ohio App. 3d 276, 279 (when criminal defendant testifies in his defense after trial court has overruled his motion to dismiss at close of state's case, he waives his right to claim error in overruling such motion).

Defendant's first assignment of error is not well-taken.

Defendant asserts in his second assignment of error that the trial court committed prejudicial error in permitting Dr. Elizabeth Allen to testify concerning the child's injuries.

Defendant argues that Dr. Allen did not possess the knowledge or training required for her to be a properly qualified expert and that at the time of the accident she was not licensed to practice medicine in Ohio.

Initially, we note that during the trial defendant raised no objection to the testimony of Dr. Allen regarding either her qualifications or her diagnosis of the child. We further note that there is a dispute in memoranda as to Dr. Allen's status at the time she examined the child. Defendant has attached an exhibit to his brief, not part of the trial record, which would indicate that Dr. Allen was certified to practice medicine on January 29, 1987. Plaintiff contends that the trial record indicated that Dr. Allen was licensed to practice medicine in 1986.

In general, "*** the ruling of a trial judge as to the qualifications of an expert witness is within the judge's sound discretion, which is conclusive unless it is clearly shown to be erroneous." *Fulton* v. *Aszman* (1982), 4 Ohio App. 3d 64, 66. The proper inquiry as to the expert testimony given by this witness is not whether she was a licensed physician. The medical training Dr. Allen received does not change after she obtains her license. The proper question, rather, is whether this particular witness had sufficient knowledge and experience to testify about the injuries to the child and whether the witness was capable of distinguishing between injuries which would be compatible with a fall down a stairway as opposed to injuries which would be the result of possible child abuse. A review of the trial transcript reveals that the cross-examination of Dr. Allen by defense counsel fails to adequately raise these concerns.

While Dr. Allen's credentials to testify on these matters may have been subject to dispute, defense counsel's failure to make an attempt to denigrate the witnesses' qualifications at trial or to make any objection concerning Dr. Allen's direct testimony constitutes a waiver of any error by the trial court in admitting her testimony. See *State* v. *Williams* (1977), 51 Ohio St. 2d 112, and *State, ex rel. Specht,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 178. See, also, Evid. R. 103.

Defendant's second assignment of error is not well-taken.

Defendant's third and fourth assignments of error are interrelated and will be considered together. Both assignments deal in part with the trial court's admission of medical records from Children's Hospital concerning treatment of the child following her injuries.

At the conclusion of plaintiff's case, plaintiff moved to admit into evidence the hospital records in their entirety. Defendant raised a general objection to the admission of the records and the court provisionally admitted the records subject to examination by the court at a later time.

Following the close of all the evidence, the subject of the hospital records was raised again. At that time, the following discussion between the court and defense counsel took place:

"THE COURT: *** I had indicated, so I want the record make [sic] clear on this, I had made clear the other day that with respect to one of the State's exhibits *** [.]

"***

"*** [W]hich is in effect the record from Children's Hospital, that because there was some objection by defense that I would look at the record, and I want to make it clear right now that I started to look at the record before lunchtime today. There was a discharge summary that I noted had a reference in it by doctor, and I have previously indicated in the presence of counsel outside the courtroom that I will sustain the objection to a reference in the discharge summary to the term, I think it was 'battered child syndrome.' Now, that is excluded from the discharge summary.

"What I want to make clear to counsel is despite what had been my intent, I did not go through the rest of the record, and I am not making any ruling with respect to any other data in the record. The record in general with be admitted as it was provisionally with the exception of the related part in the discharge summary.

"I guess in a nutshell for the benefit of counsel for the defendant, I did not look any further. I am not saying anything further about that record.

"*If there is something specific you want to bring up, now is the time to do it* and not later, and we can deal with it. Otherwise, it will go as submitted with the change that has been made in the discharge summary. (Emphasis added.)

"***

"THE COURT: Anything further, *** [counsel], that you want to raise about the hospital records?

"*** [DEFENSE COUNSEL]: No, I don't think so, Your Honor." (Tr. 114-116). (Emphasis added.)

A review of the transcript reveals that the trial court, following the close of all the evidence, gave defense counsel the opportunity to raise objection to admission of any specific portions of the hospital records which were not already deleted. At that point, no objection was raised by counsel to the admission of the evidence now contested before this court. Defense counsel's failure to raised a timely objection amounts to a waiver of any claimed error by the trail court in admitting these records.

Counsel's waiver as to admissibility of the records precludes defendant's contention that the trial court erred when, in response to a question from the jury concerning whether all of the hospital records were evidence, the court answered "yes." We further note that when the jury's question came before the court, defense counsel made no objection to this request.

Defendant also asserts that the trial court erred in failing to allow the jury to rehear the testimony of the medical technician and Dr. Allen prior to reaching a verdict. We disagree.

A review of the transcript indicates that the trial court declined the jury's request to rehear specific testimony based upon the court's view that the trial had not involved an inordinate period of time. The court further expressed a desire to avoid reviewing certain testimony, apparently to prevent undue emphasis by the jury on that portion of the testimony.

It is a well-established principle that the decision of a trial court, whether or not to permit a jury to rehear testimony, lies within the sound discretion of the court. See *State* v. *Berry* (1971), 25 Ohio St. 2d 255; and *State* v. *Weind* (1977), 50 Ohio St. 2d 224. In the present case, we find defendant has not demonstrated an abuse of discretion as a result of the court's refusal to allow certain testimony to be reread to the jury.

Accordingly, defendant's third and fourth assignments of error are overruled.

In his fifth assignment of error, defendant contends that the representation provided by his defense counsel so lacked in professional competence and expertise as to deny him his right to counsel and a fair trial. More specifically, defendant argues that his trial counsel was deficient in: failing to object to two ex parte continuances before the grand jury heard the indictment; agreeing to the continuance of this case beyond the statutory speedy trial time without any objection; failing to properly examine the state's evidence supplied during discovery and to prepare for cross-examination of the state's witnesses; failing to obtain his own medical expert and/or opinion that would support the injuries to the child being consistent with a fall down a stairway; failing to object to constant leading of the witnesses by the state; failing to object to portions of Dr. Allen's testimony and failing to voir dire the witness or question her credentials; failing to renew his motion for a directed verdict at the close of his own case knowing that the state's case was supported only by circumstantial evidence; failing to call any witnesses other than defendant to support defendant's position; failing to ask for an in camera inspection of the state's evidence at the close of the state's case; and failing to object to the admission of multiple photographs of the same view of the child in her bruised condition.

We only address one of defendant's allegations because we hold that a new trial must be granted on the basis of that error.

In *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 396, the Ohio Supreme Court stated:

"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."

As the Ohio Supreme Court has recently noted in *State* v. *Bradley* (1989), 42 Ohio St. 3d 136, 142, the standard set forth in *Lytle, supra,* "is essentially the same as the one enunciated by the United States Supreme Court in *Strickland* v. *Washington* (1984), 466 U.S. 668." Under the court's pronouncement in *Strickland, supra,* counsel's performance will not be deemed ineffective unless and until it is proven that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, supra,* at 688, 694.

Our focus under this assignment of error is on defense counsel's conduct in examining the state's evidence supplied during the discovery process and the effect that counsel's preparation for this material had during the trial stage. More specifically, this court's concern deals with

counsel's handling of the hospital records and the subsequent admission of these records at trial.

As previously noted under the third and fourth assignments of error, during trial the trial court deleted a reference in the hospital records to "battered child syndrome" contained in a discharge summary prepared by a physician. The court then acknowledged that time constraints had prevented further review by the court of the remaining hospital records. At that time, trial counsel was given the opportunity to object to specific portions of the hospital records. Counsel offered no objection.

A review of these records indicates that they are replete with similar potentially prejudicial hearsay references to "physical abuse," "child abuse" and "battered child." These references come not only from physicians but also through observations from nurses on duty at the time of the child's admittance. To fail to object to the admission *in toto* of hearsay opinions and impressions pertaining to ultimate issues to be decided in this case was highly prejudicial to defendant.

Other damaging statements are contained in the hospital records, including a statement by the child's mother who, in response to a question as to whether defendant had a history of violent behavior, stated, "he has some hx [history] of wife abuse." A one page physician's report contains the following statement: "The mother states that the abuse caused by the baby-sitter that caused this injury is currently being evaluated by the Courts." While we recognize that under certain circumstances hospital records may be properly admitted into evidence at trial (*e.g.*, Evid. R. 803(4) Statements for Purposes of Medical Diagnosis or Treatment or Evid. R. 803(6) Records of Regularly Conducted Activity), clearly these statements had no relevance to treatment or diagnosis and were harmful to defendant.

There is absolutely no reasonable basis for defense counsel's failure to object to admission of these records when given the opportunity by the trial court. The trial judge had already determined that a reference in the records to "battered child syndrome" was unduly prejudicial to defendant and deleted that portion from the records. While we can only speculate as to what effort trial counsel made to examine these records prior to trial, even a cursory examination by counsel would have revealed numerous other potentially prejudicial references throughout these documents. Defense

counsel's conduct in failing to properly investigate the hospital records combined with counsel's subsequent failure to object to their admission at trial "fell below an objective standard of reasonableness" by which effective assistance of counsel is evaluated. *Strickland, supra*, at 688.

Moreover, we find that counsel's errors, resulting in the admission of the hospital records at trial, significantly prejudiced defendant's right to a fair trial. Under the prejudice prong of *Strickland*, the proper inquiry is whether there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, supra*, at 694.

Determining whether prejudice resulted to defendant requires some speculation as to how much emphasis the jury may have placed on the numerous hearsay references contained in the hospital records. While it is difficult to predict the effect that counsel's errors may have had in the jury's weighing of the evidence, we cannot overlook the fact that the jury, during the deliberation process, sent a note to the court inquiring whether all of the information in the hospital records was to be considered as evidence. The court answered affirmatively to the jury's request.

This is a troubling case in which the state's evidence was largely circumstantial in nature. The evidence at trial consisted primarily of Dr. Allen's testimony, defendant's denial and the admission of the hospital records. While the opportunity was available for trial counsel to present a strong defense, counsel's lack of preparation and errors prevented this. The admission of the hospital records in the form presented to the jury was clearly harmful to defendant's case, and the numerous hearsay references contained in the records concerning possible abuse in all likelihood reinforced this prejudicial information in the minds of the jurors. The jury's inquiry to the court during deliberations regarding use of the records raises serious concerns as to the degree of importance the jury placed on the records in weighing the evidence. Even absent trial counsel's errors, leading to the admission *carte blanche* of the hospital records, the evidence in this case was closely balanced. We are persuaded that the outcome of this case might have been different had portions of the hospital records been objected to and properly deleted at trial.

In light of the above, our confidence in the outcome is undermined such that we cannot say

that defendant received effective assistance of counsel. *Strickland, supra*, at 694. We sustain defendant's fifth assignment of error.

Having found that defendant was prejudiced by counsel's performance concerning the examination and handling of the hospital records, we find it unnecessary to assess the individual impact of each of defendant's remaining allegations of ineffective assistance.

The sixth and final assignment of error contends that the decision of the jury was against the manifest weight of the evidence. The basis for this assertion is that due to the circumstantial nature of the evidence, no evidence was presented which was wholly inconsistent with a reasonable theory that the child was injured by falling down the stairs.

In considering whether a conviction was against the manifest weight of the evidence, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences and considers the credibility of the witnesses. *State v. Martin* (1983), 20 Ohio App. 3d 172, 175. While we have previously noted the circumstantial nature of the evidence present in this case, our concern does not involve the manifest weight of the evidence but rather the performance of defense counsel in adequately representing this defendant. Based upon our review of the records, including the testimony of Dr. Allen, we find that there existed sufficient evidence which, if believed by the jury, would have supported the judgment returned.

Defendant's sixth assignment of error is overruled.

Based upon our finding of ineffective assistance of counsel under the fifth assignment of error, we reverse the judgment of the trial court and remand for a new trial consistent with this opinion.

*Judgment reversed and cause remanded.*

WHITESIDE and YOUNG, JJ., Concur.