[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Sylvania Municipal Court which found appellant guilty of driving with a prohibited breath alcohol concentration in violation of Holland Codified Ordinance Section 333.01
(A)(3). For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "ERROR NO. 1: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR A DIRECTED VERDICT OF
 ACQUITTAL AFTER THE STATE FAILED TO PROVE DEFENDANT'S BREATH ALCOHOL CONTENT WAS TEN-HUNDREDTHS OF ONE PERCENT OR MORE BY WEIGHT. [TRANSCRIPT, PP. 54-57, 76, 79, 104, 128-129].
 "ERROR NO. 2: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT PERMITTED THE STATE TO REOPEN ITS CASE AFTER THE STATE HAD RESTED AND AFTER ALL TESTIMONY HAD BEEN CON CLUDED IN THE JURY TRIAL. [TRANSCRIPT, PP. 76, 100, 124, 126-130]."
The facts that are relevant to the issues raised on appeal are as follows. On May 30, 1996, Sergeant Dave McCourt of the Village of Holland Police Department observed appellant stop in the middle of an intersection on a red light and then, after the light changed to green, cross outside the marked lanes several times. When McCourt pulled appellant over he observed that appellant's speech was slurred and his eyes were glassy and bloodshot, and noted the odor of an alcoholic beverage coming from the car. Appellant performed poorly on several field sobriety tests and the officer placed him under arrest for driving under the influence of alcohol. Appellant was transported to the Ohio State Highway Patrol Post where he took a breathalyzer test which showed a breath alcohol level of .139 of one gram by weight of alcohol per two hundred ten liters of his breath. Appellant was then charged with driving with a prohibited breath alcohol concentration in violation of Holland Codified Ordinance Section333.01(A)(3).
On February 4, 1997, the case proceeded to trial before a jury. The jury found appellant guilty of driving with a prohibited breath alcohol concentration and was unable to reach a verdict on the charge of driving while under the influence of alcohol.
In his first assignment of error, appellant asserts that the trial court erred by denying his motion for a directed verdict. Appellant argues that the state failed to elicit testimony relating the percentage of alcohol by weight in his breath — .139 — to the common understanding of what it means to be under the influence of alcohol.
The chronology of events in the trial court is important to our determination of this assignment of error. The record indicates that at trial, McCourt testified as to the details of the stop and the field sobriety tests he administered to appellant. McCourt testified that appellant's breathalyzer test result was ".139," which he said was over the legal limit of ".103." The city then rested its case and the defense moved for a judgment of acquittal, which was denied. The defense presented its case and rested and the city then presented rebuttal testimony. After rebuttal, the defense again moved for a judgment of acquittal and argued in support of its motion. The trial court then stated that it would be willing to allow McCourt to retake the stand to submit additional evidence as to the BAC test results. At that point, the defense moved for a mistrial. The motion for a mistrial was denied but the court did not rule on the motion for judgment of acquittal. The city asked permission to recall McCourt. The trial court allowed McCourt to retake the stand and the officer testified further as to the results of the BAC test. The defense did not question McCourt and the case proceeded to closing arguments. The defense did not renew its motion for acquittal at the close of all of the evidence.
Ohio courts have held that a defendant, after moving for a directed verdict at the conclusion of the state's case, waives any error which might have occurred in overruling the motion by proceeding to introduce evidence in his defense. SeeState v. Whitmeyer (1984), 20 Ohio App.3d 279, paragraph four of the syllabus; State v. Durham (1976), 49 Ohio App.2d 231; State v.Collins (1977), 60 Ohio App.2d 116. Recent decisions by the Ohio Supreme Court and numerous appellate courts, however, have effectively overruled Whitmeyer in situations where the defendant renews his Crim.R. 29(A) motion at the close of his own case. InHelmick v. Republic-Franklin Ins. Co. (1988), 39 Ohio St.3d 71, paragraph one of the syllabus, the Ohio Supreme Court stated that when a motion for a directed verdict is made at the conclusion of the plaintiff's case and is overruled, the defendant may rely on the denial of the earlier motion as error on appeal, even if he proceeds to introduce evidence in his defense, as long as he renews his motion at the conclusion of all of the evidence. Other state appellate courts have followed the Helmick ruling in the context of criminal cases. See State v. Brown (1993), 90 Ohio App.3d 674;State v. Parks (1990), 56 Ohio App.3d 8.
Upon consideration of all the evidence that was before the trial court and the law as summarized above, this court finds that appellant did not renew his motion for acquittal after the prosecution's case was reopened in order for McCourt to testify for the final time. This court therefore finds that appellant waived any error as to the trial court's ruling on his motion for acquittal and, accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court erred by allowing the state to reopen its case and recall Sergeant McCourt after the state and the defense had rested.
After Sergeant McCourt's testimony, the state announced that it rested its case. The defense moved for acquittal and the court denied the motion. The defense presented one witness and then rested its case. The state called Sergeant McCourt for rebuttal, after which the defense again moved for acquittal, arguing that the state had failed to present evidence as to the amount of alcohol by weight in appellant's breath. The court then stated that it "would be willing to allow the officer to retake the stand to submit that additional evidence." The defense again moved for a judgment of acquittal, which was denied. After the defense argued against reopening the state's case, the state asked permission to recall Sergeant McCourt. The trial court stated that it would grant the state's request "* * * in the interest of justice in making sure that * * * the jury does decide the issues in this case on the facts." Sergeant McCourt then testified that appellant's breathalyzer results indicated "thirteen hundredths of one gram by weight of alcohol per two hundred ten liters of his breath."
The question of opening up a case for the presentation of further testimony is within the sound discretion of the trial court, and the court's decision in that regard will not be disturbed on appeal unless under the circumstances it amounted to an abuse of discretion. Columbus v. Grant (1981), 1 Ohio App.3d 96;Worthington v. Ogilby (1982), 8 Ohio App.3d 25. In this case, as in Grant, supra, the defense had rested its case when the trial court gave the prosecutor permission to recall a witness. We note, however, that the prosecutor was simply recalling a witness to give him the opportunity to clarify one aspect of his earlier testimony. The witness did not testify as to any new evidence, nor were any new witnesses called. Further, the defense was given the opportunity to question the witness again, although it chose not to, as well as the opportunity to present any additional testimony, which it also declined to do.
Upon consideration of the foregoing, this court finds that the trial court did not abuse its discretion by allowing the city to reopen its case and recall its witness and, accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sylvania Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.