After a jury trial, defendant-appellant, Lyndsey Aughpin, was convicted in the Mason Municipal Court of domestic violence in violation of R.C. 2915.25(A). We affirm.
At trial, the state presented testimony from Eric Tonstad and Tim Walker, deputies for the Warren County Sheriff's Office, Zach Vanlien, a paramedic, and Melissa Eagle, an EMT. These witnesses testified regarding events which occurred on October 4, 1997. At approximately 12:30 a.m., Tonstad observed appellant and her husband leaving a restaurant. Appellant was walking behind her husband holding his shirt, striking him repeatedly on the back of his head with "full hard swung blows," and shouting profanity at him. Tonstad got out of his cruiser and advised appellant to "knock it off." Appellant then lost her grip on her husband's shirt and fell. As she fell backward, she struck her head on a curb and lay unconscious.
Tonstad called a life squad to treat appellant's head injury. Tonstad testified that before the squad arrived, appellant regained consciousness, and attempted to get up. Tonstad and Walker, who had arrived at the scene, held appellant on the ground, informing her that she needed medical attention. Appellant then began kicking Tonstad and pulling the hair on his legs. All witnesses concurred that appellant was highly intoxicated.
When the life squad arrived, appellant became even more violent, kicking and spitting at the squad members, shouting profanity, and insisting that she not be taken to the hospital. While appellant was handcuffed, she called to her husband, who leaned down to her. At that point, she reared her head back and headbutted him while shouting further profanity at him. Appellant's husband was momentarily dazed, his glasses were knocked crooked, and a visible lump formed on his forehead. Appellant's husband then stated to Tonstad that appellant was a "violent bitch."
Appellant was charged with domestic violence, and the case proceeded to trial on November 20, 1997. At the close of the state's case, appellant moved for acquittal pursuant to Crim.R. 29(A). The trial court denied appellant's motion, and appellant proceeded with her defense. The case was submitted to the jury, appellant was found guilty, and the court sentenced her to sixty days in jail, reduced to four, as well as mandatory counseling and community service. In addition, appellant was fined $250. Appellant timely filed this appeal raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE DEFENDANT BY FAILING TO GRANT DEFENDANT'S CRIM.R. 29 MOTION FOR ACQUITTAL BECAUSE THE STATE FAILED TO ESTABLISH A PRIMA FACIE CASE AS TO EACH ELEMENT OF THE CRIME CHARGED.
Assignment of Error No. 2:
 THE VERDICT OF THE JURY SHOULD BE SET ASIDE BECAUSE IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Under her first assignment of error, appellant argues that the trial court erred by denying her Crim.R. 29(A) motion for acquittal. Crim.R. 29(A) provides in part that "[t]he court on motion of the defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29(A). The motion tests the sufficiency of the state's evidence. State v. Dunaway (Feb. 18, 1997), Butler App. No. CA96-08-152, unreported, at 3, citing Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163, overruled on other grounds by State v. Lazzaro (1996), 76 Ohio St.3d 261. The trial court shall not order an entry of judgment of acquittal "where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v. Simpson (Dec. 2, 1996), Butler App. Nos. CA96-03-052, CA96-03-061, CA96-03-066, unreported, at 6, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, 263.
When reviewing a ruling on a Crim.R. 29(A) motion, an appellate court must evaluate the sufficiency of the evidence, construing the evidence in a light most favorable to the state. Dunaway at 3-4, citing State v. Jenks (1991), 61 Ohio St.3d 259, 273. The appellate court examines the evidence to determine "whether such evidence, if believed, is sufficient for a reasonable mind to conclude that all elements of the crime have been proven beyond a reasonable doubt." Dunaway at 8, citing Jenks at 273.
In this case, appellant made her Crim.R. 29(A) motion at the close of the state's case. The trial court denied her motion, appellant proceeded with her defense, and then rested without renewing the motion. We have held in prior cases that, normally "any error in overruling the [Crim.R. 29(A)] motion * * * at the conclusion of the state's case is waived where the defendant offers evidence on his own behalf." State v. Miller (1989),63 Ohio App.3d 479, 484, citing State v. Whitmeyer (1984),20 Ohio App.3d 279. Thus, since this was a jury trial where appellant made an unsuccessful motion for acquittal, presented her defense, and failed to renew her motion, we find that appellant waived any right to claim error in the trial court's denial of her motion. Rogers, 60 Ohio St.2d at 163.[1]
However, we note that if it were necessary to consider the merits of appellant's claim, we find that this assignment of error lacks merit. R.C. 2915.25(A) states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Thus, to establish a prima facie case the state must prove that (1) appellant caused or attempted to cause physical harm, (2) the harm was caused knowingly,[2] and (3) the harm was committed against a member of appellant's family or household.
Appellant argues that her Crim.R. 29(A) motion was erroneously denied because the state had not proved that appellant caused "physical harm" as required by the statute, nor had the state proved that appellant committed the acts "knowingly." First, appellant argues that physical harm is an essential element to the crime of domestic violence. The plain language of the statute clearly states the contrary. The statute requires that one knowingly "cause or attempt to cause physical harm." (Emphasis added.) R.C. 2915.25(A). Thus, physical harm is not an essential element of the crime because a "defendant may be convicted of domestic violence for merely attempting to cause physical harm to a family member." (Emphasis sic.) State v. Nielsen (1990),66 Ohio App.3d 609, 612.
Second, appellant argues that the state failed to present sufficient evidence to prove that appellant acted "knowingly." In our review, we must determine whether the evidence, construed in a light most favorable to the state, was sufficient for reasonable minds to find that appellant knowingly caused or attempted to cause physical harm to her husband. Appellant contends that she accidentally hit heads with her husband in the midst a confused situation. However, Tonstad testified that while appellant was striking her husband on the back of his head, she was shouting "Richard, you bastard, you f___ing bastard," and that she wanted to "kick his ass." Other witnesses for the state corroborated Tonstad's testimony that after appellant head-butted her husband, she shouted additional profanity at him. Further, Walker testified that appellant seemed to understand what people were saying to her, and Eagle testified of appellant that "she knew where she was and she knew who she was with" and that "she was aware of her surrounding." We find this evidence to be sufficient for reasonable minds to conclude that appellant knowingly caused or attempted to cause physical harm to her husband.
Accordingly, we find that appellant waived her right to claim error in the trial court's denial of her Crim.R. 29(A) motion, but even if this were not the case, we find that the evidence presented by the state was sufficient to withstand appellant's Crim.R. 29(A) motion, and the trial court did not err in denying the motion. Appellant's first assignment of error is overruled.
Under her second assignment of error, appellant argues that her conviction was against the manifest weight of the evidence. In order for a court of appeals to reverse a trial court's judgment on the basis that the adjudication is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380,389; Section 3(B)(3), Article IV, Ohio Constitution. The reviewing court sits as the thirteenth juror and must weigh all of the evidence produced at trial to determine whether the state has carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring).
The standard for reversal for manifest weight of evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. We note also that the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1976), 10 Ohio St.2d 230, paragraph one of the syllabus.
After examination of the record and considering all the evidence admitted at trial, we cannot say that the jury lost its way or that the verdict resulted in a manifest miscarriage of justice. Appellant's conviction was not against the manifest weight of the evidence, and her second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] We note that on this issue of waiver, there is conflicting authority within Ohio. Compare State v. Higgins (1990), 61 Ohio App.3d 414, and State v. Miley (1996), 114 Ohio App.3d 738, with State v. Brown (1993), 90 Ohio App.3d 674, and State v. Parks (1990), 56 Ohio App.3d 8.
[2] R.C. 2901.22(B) states that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."