DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Perrysburg Municipal Court which found appellant Matthew Wohlgamuth guilty of one count of carrying a concealed weapon. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "Assignment of Error One: The court below unconstitutionally and unlawfully denied the Defendant's Motion to Dismiss because of insufficiency of evidence. The insufficiency occurred when the prosecutor failed to prove beyond a reasonable doubt the essential elements of the case, namely, no evidence was introduced that the Defendant had knowingly concealed the weapon under the seat or that it was concealed.
 "Assignment of Error Two: The lower court incorrectly decided, against the weight of evidence, that the Defendant was guilty of concealing a deadly weapon where the facts showed that the Defendant was: (a) only a passenger not the owner of the car where the weapon was found, (b) not the owner of the knife alleged to be a concealed weapon, (c) the knife was in plain view, obvious, and not concealed, and (d) no evidence was introduced that the Defendant had concealed the knife or had knowledge of its concealment."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On August 24, 2000, appellant was arrested by a Perrysburg Township police officer and charged with violating R.C. 2923.12, carrying a concealed weapon. The weapon, a knife with an eight-inch blade, was found during a routine traffic stop in the front seat of the vehicle in which appellant was a passenger. Appellant entered a not guilty plea and the matter came to trial on November 6, 2000. The following testimony was presented.
Patrolman John Dvorack, with the Perrysburg Township Police Department, testified that on the night of August 24, 2000, he was at the station when he heard Officer James Gross radio that he had stopped a vehicle. Officer Dvorack drove to the scene, where he saw that Officer Gross had stopped a pickup truck in which appellant was a passenger. Officer Dvorack walked up to the passenger side of the truck and shined his light through the passenger's side of the windshield. He testified that he asked both passengers to move their legs and saw an object protruding from near the appellant's left leg. He asked appellant to move his leg again and then noticed a large handle, which he believed to be part of a knife. The officer asked appellant what the object was and appellant "just kept talking around it." When appellant moved his leg again, the officer saw more of the knife and then ordered both men out of the truck. Officer Dvorack removed the knife from between the seat and the transmission hump. The officers then placed appellant and the driver in custody. Officer Dvorack testified that appellant repeatedly stated the knife was not his.
Officer James Gross testified as to his contact with appellant on the night of August 24, 2000. While Officer Gross was contacting the dispatcher for record checks, Officer Dvorack arrived on the scene. The officer stated that he had not seen the knife in the truck. Officer Gross testified that later that night the driver of the truck told him the knife did not belong to appellant.
The state rested its case and defense counsel moved for acquittal. The trial court denied the motion.
Appellant then testified that he did not know the knife was in the vehicle and that the first time he saw it was when the officer removed it. Appellant further stated that between the time his friend picked him up that evening and the time the officer stopped the truck, he and his friend made three stops and he got out each time.
In a judgment entry filed February 15, 2001, the trial court found appellant guilty and imposed a sentence of one hundred eighty days in jail and costs. The trial court suspended the jail sentence and placed appellant on probation for thirty-six months. It is from that judgment that appellant appeals.
In his first assignment of error, appellant asserts that the trial court erred by denying his motion for acquittal. Appellant argues that there was insufficient evidence to support the trial court's judgment and that the trial court therefore should have granted his motion for acquittal.
In the case before us, appellant failed to renew his motion for acquittal after the close of all of the evidence. It is well-established that where a defendant, after moving for a directed verdict at the conclusion of the state's case, offers evidence on his own behalf, any error which might have occurred in overruling the motion is waived.State v. Whitmeyer (1984), 20 Ohio App.3d 279 (citations omitted). Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts again that his conviction was against the weight of the evidence. Appellant argues that the evidence showed he did not own the car or the knife, the knife was in plain view and not concealed, and there was no evidence that he knew it was concealed in the truck.
R.C. 2923.12 states:
 "(A) No person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance."
Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v.Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 387, 678 N.E.2d at 546-547, citing Tibbs v. Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652, 661-662."
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
This court has thoroughly reviewed the record of proceedings in the trial court and the law, and based thereon we find that this is not an exceptional case where the evidence weighed heavily against conviction. Based on appellant's own testimony that he had gotten in and out of the truck several times that night, the trial court found that appellant's claim that he did not know the knife was there was not believable. We agree. Further, Officer Dvorack testified that the knife was concealed "ready at hand" next to appellant's seat in the truck. Based on the foregoing, this court finds that the trial court did not lose its way in resolving conflicts in the evidence or create a manifest miscarriage of justice. Accordingly, we find that the trial court's judgment finding appellant guilty of knowingly having concealed ready at hand a deadly weapon was not against the manifest weight of the evidence and appellant's second assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Perrysburg Municipal Court is affirmed. Costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.