THE STATE OF OHIO, APPELLEE, *v.* McLEAN, APPELLANT.*

---

*Motion for leave to appeal overruled (38083), June 12, 1963.

(No. 5269—Decided December 19, 1962.)

Mr. *John S. Ballard,* prosecuting attorney, and Mr. *Edward L. Seikel,* for appellee.

Mr. *James J. Gill,* for appellant.

HUNSICKER, J. Frank McLean was indicted and tried for, and found guilty by a jury of, the offense of armed robbery under Section 2901.13, Revised Code. From the judgment of guilty, Frank McLean has lodged an appeal on questions of law in this court, saying: that the trial court erred by—

"a. The overruling of defendant's motion to dismiss the indictment on the ground that there was no armed robbery committed.

"b. The failure to give the special written instructions to the jury requested by the defendant," and that the verdict is against the manifest weight of the evidence.

The evidence is overwhelming against Frank McLean, who, with a woman's stocking over his head, and armed with a sawed-off, double-barrelled shotgun, walked into a tavern and, by pointing this shotgun at the bartender, demanded and secured from him the money from the tavern cash registers.

The shotgun was, according to the only evidence submitted on the subject by McLean and his two accomplices, not loaded. McLean hence insists that he is not guilty of the offense of "armed robbery" under Section 2901.13, Revised Code. This section reads as follows:

"No person, while armed with a pistol, knife, or other dangerous weapon, by force or violence, or by putting in fear, shall steal from the person of another anything of value.

"Whoever violates this section is guilty of armed robbery, and shall be imprisoned not less than ten nor more than twenty-five years."

McLean did not have either a pistol or a knife. Did he have a "dangerous weapon"? If by the use of a dangerous weapon he, by putting the bartender in fear, stole the money, then a violation of the statute is complete. Is, then, an unloaded, sawed-off shotgun a dangerous weapon? We think it can hard-

ly be denied that a victim, toward whom such a weapon is pointed, cannot determine whether it is loaded or unloaded. In addition, the one doing the pointing of such a weapon, whether loaded or unloaded, can easily use it as a club. The size of the exhibited gun indicates that it is in all respects a dangerous instrumentality, whether used to fire loaded shells or as a club, which, when used as such, would inflict serious injury upon any part of a victim's body.

A search of the Ohio cases fails to disclose any reported case bearing on the question before us. Other jurisdictions have, under slightly different statutes, considered the matter.

Counsel for the appellant cites *Luitze* v. *State*, 204 Wis., 78, 234 N. W., 382, 74 A. L. R., 1202, as authority for the proposition that an unloaded revolver merely pointed at a person is not a dangerous weapon within the meaning of a statute prescribing a penalty for assault and robbery while armed with a dangerous weapon. An annotation on this subject follows the *Luitze* v. *State of Wisconsin case, supra.* Such annotation says that, with exception of the cited case and two others from the same jurisdiction, it is held that an unloaded gun or pistol is a dangerous weapon within the meaning of a statute denouncing robbery while armed with a dangerous weapon.

We believe the better view to be that, when Frank McLean entered the place of business armed with an unloaded, sawed-off shotgun, and, upon pointing the shotgun at the bartender, demanded and received the money in the cash registers, he committed the offense of armed robbery under the Ohio statute, Section 2901.13, Revised Code.

In some recent cases bearing on the subject herein, the rule is stated to be that it is not necessary for the state to show that the gun used in a robbery was loaded. It is sufficient to show that the gun was used in a threatening manner. *People* v. *Kelly* (1959), 168 Cal. App. (2d), 387, 335 P. (2d), 955; *Davis* v. *State* (1961), 225 Md., 45, 168 A. (2d), 884. See also: *Commonwealth* v. *Harris* (Ky.), 344 S. W. (2d), 820.

As was said in an Oregon case, *State* v. *Noblin* (1960), 214 Ore., 60, 328 P. (2d), 139, at p. 65:

"* * * Where an assault is accomplished by the pointing of a gun in a threatening manner and within the obvious range of the gun, the victim and the jury are justified in inferring that the gun is loaded."

The bartender in the instant case was justified in assuming that the shotgun was loaded; and, even if not loaded, resistance to the demand of McLean could have easily resulted in serious bodily injury.

We have examined all the claimed errors, and find none prejudicial to the rights of the appellant.

The judgment must be affirmed.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.