THE STATE OF OHIO, APPELLEE, *v.* DYE, APPELLANT.

[Cite as State v. Dye, 14 Ohio App. 2d 7.]

(No. 6066—Decided March 27, 1968.)

*Mr. James V. Barbuto,* prosecuting attorney, and *Mr. Gerald J. Glinsek,* for appellee.

*Messrs. Bailey, Bailey, Bayer & Bayer,* for appellant.

HUNSICKER, J.   This is an appeal on questions of law from a judgment of guilty, rendered on the verdict of a jury.

Ora Dye was indicted, tried and found guilty on four counts of a single indictment charging the crime of armed robbery.   The specific statute named in the indictment is Section 2901.13, Revised Code.

Ora Dye, with three other men, entered the market of Greensburg Foods, Inc.   The testimony is that one of the four men had a cap pistol, and two had real pistols.   These

8

men, by threats of violence, and by pointing the guns at the clerks, secured $326.72 from Richard J. Nicklas. This money belonged to Greensburg Foods, Inc. Various sums of money were secured from the other three clerks, in the same manner as that taken from Richard J. Nicklas.

Each count of the indictment charged that the money taken from the clerk therein named was the property of Greensburg Foods, Inc. During the course of the trial, the true facts were elicited from the witnesses, and a motion was made to amend the indictment to show that in three of the four counts, where it was charged that money was taken from an individual clerk, it was the money of that person and not that of Greensburg Foods, Inc. The amendment was permitted. The granting of this motion to amend is now claimed to be prejudicial error.

A further complaint is made herein by counsel for Ora Dye, to the effect that the trial court erred in instructing the jury as follows:

"Even though you find that one of the revolvers used was a toy cap pistol would make no difference. If those who were held up had reasonable cause to believe that it was a loaded revolver and such put him or them in fear, then you will say the cap pistol becomes a dangerous weapon; * * *."

The statute which defines armed robbery (Section 2901.13, Revised Code) says:

"No person, while armed with a pistol, knife, or other dangerous weapon, by force or violence, or by putting in fear, shall steal from the person of another anything of value.

"* * * *."

The toy pistol here claimed to have been used was admitted in evidence. It was so natural in appearance as to be accepted as real. It was of such weight and size that it could, if used as a blackjack or bludgeon, cause severe harm to the head or face of a victim. See: *State* v. *McLean*, 117 Ohio App. 304.

There seem to be few reported cases covering the use of a toy gun in armed robbery offenses. An annotation on

the subject may be found in 61 A. L. R. 2d 1001. The reported cases are found in that annotation.

In addition, there was evidence that two of the four robbers had pistols which were not toys. The instruction given by the trial judge could not, in this case, be prejudicial for, since all participated in the armed robbery, they were aiders and abettors in the unlawful enterprise and could be prosecuted as principals.

We next consider the matter of the right to amend the indictment, and, in that discussion, we should consider whether the original unamended indictment properly charges four separate offenses. We do not have the situation where one offense is committed in four different ways, but we do have the original unamended indictment charging, in four separate counts, that four men robbed four different individuals, at the same time and same place, of four different sums of money, all of which money was the property of Greensburg Foods, Inc.

The armed robbery statute says the stealing shall be from "the person of another." Where money is taken from X, one could not be convicted of armed robbery unless the proof established that fact, not the fact of ownership. The armed robbery statute does not require ownership of the property to be shown, only that something of value be taken from "the person of another." We are not dealing here with the question of combining these several offenses in one indictment, but, in their present division, into four separate offenses. It is axiomatic that each count of an indictment charges a distinct substantive offense. *Browning* v. *State,* 120 Ohio St. 62.

The ownership of the property taken is not a part of the definition of armed robbery and is not of the essence of the crime. The ownership of the money, having first been laid in Greensburg Foods, Inc., was descriptive as to its identity and, hence, was not, under the statute, a substantive part of the offense itself. The offense of armed robbery consists in stealing from "the person of another anything of value." The legal quality of the act is not affected by the fact that the thing of value taken was the

property of one or more persons. The ownership of the property is set out in the indictment, not to give character to the act of stealing but by way of description only.

Armed robbery is not, in the Revised Code, considered an offense against property but against persons. The statutory definition of the offense is found in Chapter 2901, Revised Code, designated "Offenses Relating to Persons." It is obvious that something of value cannot be taken from "the person of another" unless the victim has possession of the thing of value. The Revised Code, in Sections 2941.-05, 2941.06 and 2941.07, does not indicate that a description of the property taken, and its ownership, are necessary to charge the offense.

Thus, an indictment that charges four separate counts of armed robbery, where, in each count of the indictment, the money taken is alleged to be the property of a single owner, may be amended, under the provision of Section 2941.30, Revised Code, by describing the thing of value taken to be money belonging to the victim named in each count of the indictment.

We have examined all claims of error and find none prejudicial to the substantial rights of the appellant, Ora Dye. The judgment must, therefore, be affirmed.

*Judgment affirmed.*

BRENNEMAN, P. J., and DOYLE, J., concur.