THE STATE OF OHIO, APPELLEE, *v.* DEBOE, APPELLANT.

(No. L-77-032—Decided October 28, 1977.)

*Mr. David F. Cooper,* for appellee.
*Mr. John P. Korn,* for appellant.

BROWN, J. Freddie Deboe appeals his Lucas County Common Pleas Court conviction by a jury and his sentence for aggravated robbery (R. C. 2911.01). The indictment alleged that defendant had a deadly weapon on or about his person or under his control while committing a theft offense on September 23, 1976.

The victim, Robert Saull, a carpet salesman, testified that he and two women went to the house of one of the women to estimate the cost of carpet installation. While the victim Saull was in a front room of this house, defendant came out of a room behind Saull and struck him with a club. The club was like a softball or baseball bat, three or four inches in diameter. Defendant, holding the club like a baseball bat, swung it fast at Saull, hitting him 15 or 20 times in rapid succession on the head, arms, back, shoulders, and kidneys.

The bat, wrapped with something spongy, was hard and its impact on Saull sent vibrations through his body, causing

black and blue welts and bruises with marble-like knots in his muscles still remaining two weeks after the beating. During this beating, defendant and his two companions took Saull's money, watch, cigarette lighter and a roll of carpet.

The defendant's sole assignment of error asserts that the conviction is against the manifest weight of the evidence; it is insufficient to support an aggravated robbery conviction; and, the trial court erred in failing to grant defendant's motion for acquittal, notwithstanding the jury verdict.

The defendant's conviction is predicated upon the following applicable statutes, which read, in part:

R. C. 2911.01(A).

"No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or fleeing immediately after such attempt or offense, shall do either of the following:

"(1) Have a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control;"

R. C. 2923.11(A).

" 'Deadly weapon' means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

Defendant argues that the club which defendant used to beat Saull was not a deadly weapon in the manner it was used in the present case, measured by the statutory definition of "deadly weapon" in R. C. 2923.11(A). We disagree and, for that reason, affirm.

A deadly weapon as defined by R. C. 2923.11(A) must be an instrument capable of killing a person by virtue of its design, or by virtue of its manner of use. An instrument, no matter how innocuous when not in use, is a deadly weapon if it is of sufficient size and weight to inflict death upon a person, when the instrument is wielded against the body of the victim or threatened to be so wielded. The manner of use of the instrument, its threatened use, and its nature determine its capability to inflict death.

A deadly weapon may also be defined as an instrument of sufficient size and weight and of such shape and design that it

may be grasped in the hands in such a way that it may be used upon or directed against the body of another in a manner and with sufficient force to kill the other person. *State v. Orlett* (1975), 44 Ohio Misc. 7; 4 O.J.I., Provisional, Criminal Section 511.01(e). Cf. *State v. Dye* (1968), 14 Ohio App. 2d 7; *State v. McLean* (1962), 117 Ohio App. 304. Measured by this test, defendant wielded a deadly weapon upon the body of Saull.

Next we consider defendant's contention that the trial court erred in overruling defendant's motion for a judgment of acquittal. The state responds that defendant waived such claimed error because his motion of acquittal at the close of the state's case, which was overruled by the trial court, was not renewed by defendant at the close of all the evidence.

The state's position is correct. An accused waives his right to a directed verdict of acquittal at the close of the state's case by thereafter introducing evidence and failing to renew the motion at the close of all the evidence. *State v. Houser* (1942), 73 Ohio App. 115; 15A Ohio Jurisprudence 2d 656, Crim. Prac. & Proc., Section 533; 2 Schroeder-Katz, Ohio Criminal Law 235-36. The adoption of Crim. R. 29(A), pertaining to a motion for a judgment of acquittal, does not change this legal principle.

The sole assignment of error of defendant is not well taken. The judgment of conviction and sentence for aggravated robbery is affirmed.

*Judgment affirmed.*

CONNORS and WILEY, JJ., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.