The STATE of Ohio, Appellee,

v.

PERSHIN, Appellant.

[Cite as *State v. Pershin* (1988), 62 Ohio App.3d 405.]

Court of Appeals of Ohio,
Summit County.

No. 13613.

Decided Nov. 30, 1988.

*Philip Bogdanoff,* assistant prosecuting attorney, for appellee.

*Anthony J. Costello,* for appellant.

CACIOPPO, Judge.

Defendant-appellant, James Pershin, appeals his conviction for gross sexual imposition. The facts are as follows.

On Saturday, November 14, 1987, Pershin's sister, Sherri, brought her eight-year-old daughter, Jessie, to the home of Sherri's parents in Franklin

Township. Pershin was living at the home at the time. Jessie was to spend the night at her grandparents' house.

While they were eating dinner, Pershin and Jessie were playing, and Pershin poked Jessie in the ribs. Jessie became upset, and ran upstairs to the bathroom, crying. Pershin followed her upstairs and waited for her to come out of the bathroom. Pershin and Jessie went into a yellow bedroom, and were lying on a bed when Pershin stuck his hand inside the front of Jessie's pants, touching an area the child referred to as her "private" or "pee-pee." Jessie ran out of the room and into a purple bedroom. She shut the door and tried to lock it, but forgot the lock was on the outside of the door. Pershin came in, laid down on the bed, pulled Jessie on top of him, and again put his hands inside her pants touching her in the same area. Jessie ran downstairs, and did not tell her grandparents what had occurred.

Jessie's mother picked her up the next day, and noticed that the child had nightmares on Sunday and Monday nights. At school the following Thursday, Jessie complained that she was not feeling well. After observing the child and failing to notice any physicial problems, the school principal asked Jessie if anyone had touched her in an area a bathing suit would cover. Jessie then told the principal that she had been sexually molested. Because the school was located in Copley, the principal contacted Detective Bivens of the Copley Police Department. Bivens went to the school and interviewed Jessie, who described to Bivens what Pershin had done. Bivens thereafter contacted Detective Humbert of the Franklin Township Police Department; Jessie repeated her account of the incident to Humbert.

Pershin was indicated on one count of gross sexual imposition in violation of R.C. 2907.05(A)(3), with a specification of a prior offense of violence, R.C. 2941.143; and one count of attempted rape, in violation of R.C. 2907.-02(A)(1)(b) and 2923.02, with a specification of a previous conviction for aggravated sexual battery and/or forcible sodomy, R.C. 2941.142.

Before trial, the state dismissed the count of attempted rape and the attached specification. A jury trial proceeded on the remaining count, resulting in a verdict of guilty. Pershin was sentenced to an indefinite term of three to ten years; he now appeals.

## ASSIGNMENT OF ERROR 1

"The trial court erred as a matter of law in overruling motion of defendant during the state's closing statement during which prosecutorial misconduct arose in a prosecutorial appeal to the jury's emotions thereby denying defendant due process under the law."

Pershin bases this assignment of error on the following portion of the state's rebuttal closing argument:

"MR. WALTERS: I guess you can perceive why she looked down because she didn't want to talk about sexual conduct or contact with her. I guess you could perceive that when she looks down that she is lying or she is embarrassed. And how would you like to be in that position? How do you expect an eight year old to testify?

"MR. COSTELLO: Object, Your Honor.

"THE COURT: Overruled.

"MR. WALTERS: How does an eight year old testify talking in front of a group of people she has never met talking about her private parts? There is no indication she is trying to deceive you. And, again, it boils down to this victim's credibility. Is the victim on trial? Absolutely not."

Pershin contends that, by these remarks, he was denied due process, in that the state urged the jury to decide the case on emotion rather than fact. We disagree.

The foregoing excerpt is the only portion of closing argument which appellant has included in the record. It is the burden of the appellant to provide this court with those portions of the record necessary to demonstrate the error of which he complains. "The prosecution is normally entitled to a certain degree of latitude in its concluding remarks." *State v. Smith* (1984), 14 Ohio St.3d 13, 14 OBR 317, 318, 470 N.E.2d 883, 885. "Improper closing argument requires reversal when the argument *viewed in its entirety* denies defendant a fair trial." (Emphasis added.) (Citations omitted.) *State v. Woods* (1982), 8 Ohio App.3d 56, 62, 8 OBR 87, 94, 455 N.E.2d 1289, 1297. Because we do not have before us the prosecutor's entire closing argument, we cannot conduct the necessary analysis.

However, assuming *arguendo* that we could consider the foregoing excerpt in an isolated manner, it is clear beyond a reasonable doubt that absent this conduct on the part of the prosecution, the jury would have found Pershin guilty. See *State v. Maurer* (1984), 15 Ohio St.3d 239, 266–267, 15 OBR 379, 403, 473 N.E.2d 768, 793. Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR 2

"The trial court erred as a matter of law in overruling motion of defendant objecting to admission of the testimony of the victim based on the fact that

victim was an incompetent witness as a minor under ten, not shown to be competent by the voir dire of the court."

After a *voir dire* examination of Jessie, the trial court ruled that she was competent to testify. Pershin contends that the trial court's ruling was error because Jessie did not demonstrate that she was competent, and further contends that the trial court's *voir dire* examination was insufficient to determine competency. We disagree with appellant's contentions.

██ The determination of the competency of an infant witness is within the sole discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. *State v. Lee* (1983), 9 Ohio App.3d 282, 283, 9 OBR 497, 498, 459 N.E.2d 910, 912. See, also, *State v. Reger* (May 14, 1986), Summit App. Nos. 12378/12384, unreported, at 3, 1986 WL 5699.

"The test for determining competency which the trial court must apply is twofold. The court, in its hearing, must determine: first, that the witness has the intellectual capacity to recount the events accurately, and; second, that the witness understands the necessity of telling the truth. Evid.R. 601(A)."

*Lee, supra*, 9 Ohio App.3d at 283, 9 OBR at 498, 459 N.E.2d at 911 (following the test set forth in *Hill v. Skinner* [1947], 81 Ohio App. 375, 37 O.O. 213, 79 N.E.2d 787, paragraph one of the syllabus).

██ The *voir dire* examination of Jessie met both parts of this test. As to the first prong, Jessie knew her full name and her age, as well as the names of her parents, stepbrothers, and friends. She knew her mother's age and also knew the grade she was in and the name of her school. As to the second prong, when asked what it meant to tell the truth, Jessie responded: "It's where you don't lie, and you speak honestly." When asked what happens if you don't tell the truth, the child responded: "You get in trouble."

██ Abuse of discretion connotes more than an error in law or judgment; it implies an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 127, 437 N.E.2d 1199, 1201. The record in the instant case does not demonstrate such an attitude on the part of the trial court. As such, appellant's second assignment of error is not well taken.

## ASSIGNMENT OF ERROR 3

"The trial court erred as a matter of law in overruling motion of defendant for a directed verdict, thereby denying defendant his due process of law as

guaranteed by the constitution of the United States as applicable to the states by the Fourteenth Amendment."

At the close of the state's case, defense counsel made a motion for a directed verdict, which the trial court denied. The record does not reflect that defendant renewed the motion at the close of all the evidence; therefore, the issue has not been preserved for appeal. *State v. Roberson* (Feb. 17, 1988), Summit App. No. 13288, unreported, at 6, 1988 WL 21283 (citing *State v. Deboe* [1977], 62 Ohio App.2d 192, 194, 16 O.O.3d 467, 468–469, 406 N.E.2d 536, 538; *State v. Dean* [July 22, 1987], Wayne App. No. 2218, unreported, 1987 WL 15076).

The appellant's third assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GEORGE, J., concurs.

BAIRD, P.J., concurs separately.

BAIRD, Presiding Judge, concurring.

When the prosecutor asked the rhetorical question "and how would you like to be in that position?", the defendant entered a general objection, after which the prosecution apparently moved on to other areas of argument. In the absence of a motion for mistrial, or at least a motion for a curative instruction, there is nothing to review, as the defendant was afforded everything that he could have expected to derive from his general objection.

On that basis, I would concur that the first assignment of error should be overruled, and I also concur with the remaining portions of the majority opinion.