COOK, Appellant,

v.

AKRON GENERAL MEDICAL CENTER et al., Appellees.

[Cite as *Cook v. Akron Gen. Med. Ctr.* (1993), 86 Ohio App.3d 196.]

Court of Appeals of Ohio,
Summit County.

No. 15666.

Decided Feb. 3, 1993.

Richard E. McCune, for appellant.

K.R. Aughenbaugh and Jeffrey E. Schobert, for appellees.

COOK, Judge.

Appellant Carson Cook ("Cook") filed a complaint against Akron General Medical Center ("AGMC") and several of its employees for invasion of privacy, infliction of emotional harm, and slander. Cook, who was an AGMC employee, learned that his medical condition (HIV positive) was disclosed by unauthorized employees to other employees after his having been a patient at the hospital. His condition thus became known around the hospital. Cook alleged breach of the hospital's duty to preserve the confidentiality of his medical records. The jury returned a verdict in favor of AGMC and its employees. Cook moved for a new trial, which was denied. Cook now appeals asserting two assignments of error. We affirm.

### Assignment of Error 1

"The trial court erred by excluding all portions of plaintiff's exhibit 1: an article contained in the newsletter, Nursing in General, Vol. 5, No. 6, dated November 27, 1988, entitled 'A Message from Joan Feeney'."

Cook argues that the trial court erred in excluding admission of an article from an AGMC nursing newsletter. Cook claims that he would have used the statement written by Senior Vice President of Nursing Joan Feeney ("Feeney") that: "It has become apparent in recent weeks that we are sometimes lax in respecting patient confidentiality" to impeach Feeney's testimony that "our investigation showed that there was no breach of confidentiality * * *." The trial court excluded this testimony under Evid.R. 407 as a subsequent remedial measure. Cook argues that that rule does not require exclusion of evidence of remedial measures when the testimony is offered for another purpose. He insists that he should have been allowed to introduce the evidence to impeach Feeney's in-court testimony.

Under Evid.R. 607 "the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage." Feeney was a witness called by Cook. It is apparent from the record that Cook knew how Feeney was going to testify at trial; thus there was no element of surprise. *State v. Blair* (1986), 34 Ohio App.3d 6, 9, 516 N.E.2d 240, 242. Cook could not impeach the credibility of his own witness with her prior inconsistent statement. The first assignment of error is overruled.

### Assignment of Error 2

"The trial court abused its discretion by failing to grant plaintiff a new trial on the grounds of misconduct by the prevailing party."

Cook argues that it was error for the court to deny his motion for new trial based on Cook's assertion that counsel for AGMC's closing remarks were prejudicial. Specifically, Cook complains of the following statement of counsel:

" * * * [W]e can't have a health care system where the welfare of the whole is jeopardized by the desire of a few sexual renegades to keep their practices secret."

Counsel is entitled to a certain degree of latitude in closing remarks. *State v. Smith* (1984), 14 Ohio St.3d 13, 14 OBR 317, 470 N.E.2d 883; *Ruzendall v. Norfolk S. Corp.* (Feb. 8, 1989), Summit App. No. 13629, unreported, at 2, 1989 WL 10318. "Where a new trial is sought on the basis of counsel's misconduct, the trial court does not err by denying a motion for a new trial unless the alleged misconduct harmed the opposing party and prevented a fair trial." *Jones v. Warren* (June 17, 1992), Medina App. No. 2054, unreported, at 6, 1992 WL 139989, citing *Maggio v. Cleveland* (1949), 151 Ohio St. 136, 38 O.O. 578, 84 N.E.2d 912, paragraph two of the syllabus. The closing argument will be viewed in its entirety. *Ruzendall, supra; State v. Pershin* (1988), 62 Ohio App.3d 405, 408, 575 N.E.2d 1179, 1181. We can only scrutinize the propriety of statements made in closing argument in the confines of the above standards.

Cook argues that AGMC's counsel's reference to Cook as a "sexual renegade" prevented him from having a fair trial. We do not agree. Cook's position is that this remark implied that homosexuals, as renegades,[1] are not entitled to the same privacy rights as others. Cook's privacy rights, however, were defined in the court's instructions to the jury. Furthermore, viewing the closing argument in its entirety and given that the jury was instructed that

1. A "renegade" is defined as "[o]ne who rejects his religion, cause, allegiance, or group for another; a traitor; deserter. * * *" American Heritage Dictionary (1981) 1101.

statements of counsel are not evidence, we do not find that defense counsel's statement prevented a fair trial. *Ruzendall, supra,* at 3.

Cook also argues that the court erred in not ruling on his objection to this remark. Since Cook's counsel made no effort to restate the unanswered objection when it apparently failed to catch the court's attention, the court's failure to rule on the objection is harmless error. *State v. Dykes* (Dec. 16, 1982), Cuyahoga App. Nos. 44685 and 44739, unreported, 1982 WL 2625. The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.