OPINION
James Clendenin, a juvenile, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, finding him delinquent by reason of illegal conveyance of a deadly weapon onto school premises in violation of R.C. 2923.12.2, an offense which would be a fifth degree felony if committed by an adult. Appellant assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT'S ADJUDICATION OF THE APPELLANT AS DELINQUENT BY COMMISSION OF CONVEYANCE OF A DEADLY WEAPON ONTO SCHOOL PREMISES WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE IN THAT THE STATE FAILED TO PROVE THE ESSENTIAL ELEMENTS OF KNOWING CONVEYANCE OF ANY OBJECT SATISFYING THE STATUTORY DEFINITION OF A DEADLY WEAPON.
 II. THE TRIAL COURT'S ADJUDICATION OF THE APPELLANT AS DELINQUENT BY COMMISSION OF CONVEYANCE OF A DEADLY WEAPON ONTO SCHOOL PREMISES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT'S ADJUDICATION OF THE APPELLANT AS DELINQUENT BY COMMISSION OF ILLEGAL CONVEYANCE OF A DEADLY WEAPON ONTO SCHOOL PREMISES WAS INFLUENCED BY PASSION AND PREJUDICE ARISING FROM THE RECENT NATIONWIDE WAVE OF SCHOOL VIOLENCE.
 IV. THE TRIAL COURT'S SUSPENDED COMMITMENT OF APPELLANT TO THE OHIO DEPARTMENT OF YOUTH SERVICES CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT WHICH IS PROHIBITED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND BY ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
On February 9, 1999, appellant, then 13 years old, was charged with knowingly conveying a dangerous ordinance onto school premises after school authorities became aware appellant had two pocket knives in his book bag, which he had placed in his locker at his middle school. At the hearing, the State presented evidence a number of students became aware appellant had the pocket knives in his locker, and late in the school day, he approached two girls between classes and told them he had a knife and was going to kill them. At the hearing, both students who were threatened testified, and their testimony made it clear they did not take the threat very seriously. Appellant did not take his pocket knives out of his back pack or display them to any students. When questioned, appellant told the deputy sheriff who investigated he had used the book bag for a boy scout overnight camping trip, and had forgotten the knives were in it when he brought the bag to school. Deputy Wandling described the knives as one Swiss Army pocket knife three and one-half to four inches long, and the other as a regular pocket knife which was a bit smaller.
 I II
In his first assignment of error, appellant urges the trial court erred in finding him delinquent because the State did not present evidence appellant knowingly conveyed the pocket knives to school, and also failed to present evidence the pocket knives were deadly weapons as defined by R.C. 2923.11 (A). R.C. 2923.11 (A) defines a deadly weapon as any instrument, device, or thing capable of inflicting death, and designed or especially adapted for use as a weapon, or possessed, carried, or used as a weapon. In State v. Deboe (1977), 62 Ohio App.2d 192, the Lucas County Court of Appeals reviewed the conviction of a person convicted of aggravated robbery through use of a club or baseball bat. The court found an instrument, no matter how innocuous when not in use, is nevertheless a deadly weapon if it is of sufficient size and weight to inflict death upon a person and when the instrument is wielded or threatened to be wielded against the body of the person. The court noted the manner of use or threatened use of the instrument, as well as the nature of the instrument, are what determines its capability to inflict death. In Deboe, unlike here, the offender actually struck the victim 15 or 20 times with a club like a softball or baseball bat. Here, it is undisputed appellant did not actually use the knife, but only made threatening statements. The record is clear that the appellant was aware he had the knives in his school locker, and told other persons he had knives at school. The record also demonstrates the appellant knew the two knives were capable of inflicting death, by virtue of his statement to the two girls. R.C. 2923.12.2 prohibits a person from knowing conveying or possessing a deadly weapon on school premises. Even if appellant did not knowingly convey his knives to school, he knowingly possessed them on school property. In State v. Thompkins (1996), 78 Ohio St.3d 380, the Ohio Supreme Court explored the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are qualitative and quantitative. Sufficiency of the evidence refers to the legal standard applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins at 386, citations deleted. Even if a judgment is sustained by sufficient evidence, it may nevertheless be against the weight of the evidence, because weight of the evidence deals with the amount of credible evidence offered in a trial in support of one side of an issue, Thompkins at 387, citations deleted. We have reviewed the record, and we find there is sufficient competent and credible evidence presented from which the trial court could conclude appellant was delinquent because he violated R.C. 2923.12.2. Accordingly, the adjudication is sustained by the sufficiency of the evidence and is not against the manifest weight of the evidence. The first and second assignments of error are overruled.
 III
In his third assignment of error, appellant urges the trial court's adjudication was influenced by passion and prejudice arising from the recent nationwide wave of school violence. Appellant urges that after several notorious incidents of school violence which were highly dramatized in the media, schools went on what appellant refers to as a "hysterical rampage of draconian sanctions" against persons who even discuss violence or weapons in school. Here, the record demonstrates appellant violated R.C. 2923.12.2, which incidentally pre-dates the regrettable surge in school violence to which appellant refers. We find the trial court's adjudication of the appellant is appropriate and founded upon the facts in the case, namely that the appellant knowingly possessed two deadly weapons on the school premises. The third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant takes issue with the comment the trial court made at his arraignment. Specifically, the trial court inquired of appellant whether he could assure the court it could release appellant to his parent's custody before trial. The court asked appellant ". . . do you know what they would do to you in a place like Indian River?". Appellant responded "no sir". The court advised him ". . . they'd make you a woman. Do you know what I mean by that?" To which appellant responded that he did not understand the court's reference. (Tr. of Arraignment of March 29, 1999, at 10.) Appellant challenges the court's suspended commitment of appellant to the Ohio Department of Youth Services as cruel and unusual punishment as prohibited by the Eighth andFourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution. Appellant urges the court purposefully attempted to instill fear of gang-rape into appellant without condemning it in any way. While we agree with appellant the comment was inappropriate, this court cannot find the trial court sanctioned or established gang-rape as a appropriate potential punishment for appellant. Further, the record demonstrates appellant did not understand the implication. The State cites In Re: Gault (1967), 387 U.S. 1, for the proposition juvenile adjudicatory hearings must provide due process safeguards including the right to notice, counsel, confrontation, and the privilege against compelled self-incrimination. As the State points out, all safeguards were in place for appellant's hearings. Upon finding appellant delinquent, the court could commit appellant to the Ohio Department of Youth Services for a minimum of six months to a maximum commitment until appellant's twenty-first birthday. From these options, the court gave appellant a six-month suspended commitment. This court cannot find this violates the United States or Ohio Constitutions in any manner. The fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
By GWIN, P.J., HOFFMAN, J., and EDWARDS, J., concur.