[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Brian McCart, appeals from his conviction on two counts of felonious assault in violation of R.C. 2003.11(A)(2) — knowingly causing, or attempting to cause, physical harm to two different victims by means of a knife or another deadly weapon. The charges arose out of an incident in which McCart and several of his companions attacked the two victims with a knife and an assortment of materials culled from garbage in front of a home undergoing rehabilitation — boards, building materials, bricks, and table legs. The two victims were mobbed as they sought to escape in their car. McCart and his comrades pounded the car with bricks and clubs, smashing the windshield and inflicting wounds on the two victims. One of the victims was stabbed four times in the stomach, neck, leg, and arm. The other victim suffered from a punctured lung and a "nicked spleen." Both victims also suffered a myriad of cuts and bruises.
In his first two assignments of error, McCart challenges the weight and sufficiency of the evidence, arguing that the testimony was too vague and conflicting to establish that he was an active participant in the mob attack. An eyewitness to the attack, however, Christina Doll, testified that she saw McCart "hitting the car and [the two victims]." Doll also disputed the notion that McCart was not brandishing a weapon. Asked if she remembered anything in particular that he had in his hand, she stated, "No, not — everyone had something in their hand. I don't remember exactly what everyone was wearing, certain people, and I can't exactly know what everyone had in their hand, but it was something, either a bat, a table leg, stick, brick, rock, anything."
A deadly weapon is statutorily defined as "any instrument, device, or thing capable of inflicting death, and * * * possessed, carried, or used as a weapon." As observed by one court,
 A deadly weapon as defined by R.C. 2923.11(A) must be an instrument capable of killing a person by virtue of its design, or by virtue of its manner of use. An instrument, no matter how innocuous when not in use, is a deadly weapon if it is of sufficient size and weight to inflict death upon a person, when the instrument is wielded against the body of the victim or threatened to be so wielded. The manner of use of the instrument, its threatened use, and its nature determine its capability to inflict death.
State v. Deboe (1977), 62 Ohio App.2d 192, 193, 406 N.E.2d 536,537.
Viewing the record in a light most favorable to the prosecution, we hold that there was sufficient evidence to convince a rational trier of fact that McCart either knowingly caused or knowingly attempted to cause physical harm to the two victims by means of a deadly weapon — a bludgeon. Furthermore, as we held in the case of McCart's co-defendant, the state's evidence was also sufficient to demonstrate that McCart acted both as the principal offender and as an aider and abetter of the violent mob that attacked the two victims with an assortment of different objects used as bludgeons. State v. Ciambelli (June ___, 2000), Hamilton App. No. C-990493, unreported.
We hold further that the trial court, in finding McCart guilty of the two counts of felonious assault — one against each victim neither lost its way nor committed a manifest miscarriage of justice. Hence, his convictions were not contrary to the manifest weight of the evidence. See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
In his third assignment of error, McCart argues that his conviction violated due process because of what he considers the state's use of perjured testimony, particularly that of Richard Wilson — one of McCart's companions who turned state's witness in exchange for a reduction in the degree of the crime for which he was charged. As the state correctly points out, however, Wilson's testimony was "hardly the most damning evidence presented against" McCart. The testimony of Christina Doll was sufficient evidence of McCart's guilt. The assignment of error is therefore overruled.
Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., GORMAN and WINKLER, JJ.
 _______________________________ Presiding Judge