OPINION
{¶ 1} Defendant, Daniel Schooler, appeals from his conviction and sentence for felonious assault.
 {¶ 2} On May 7, 2002, at around the noon hour, Dina Carolus stopped by the home of her friend, Defendant Daniel Schooler, to see if he needed a ride anywhere. An altercation ensued because Defendant believed Ms. Carolus had stolen money from him. Defendant struck Carolus in the face, knocking her to the floor. Defendant then pinned Carolus down by placing his knee on her chest while demanding that she return his money. When Carolus reached for the phone sitting on an end table, Defendant grabbed the phone and hit Carolus on the head with it.
 {¶ 3} Defendant grabbed Carolus by the hair with one hand and with his other hand Defendant pulled a pocketknife out of his pants. Defendant opened the blade and placed the knife in Carolus' ear. Defendant repeatedly threatened to kill Carolus. Defendant choked Carolus by placing his knee on her throat, and he repeatedly hit her in the face with his fists.
 {¶ 4} In order to get out of the house, Carolus lied to Defendant, telling him that his money was in the glove box of her truck. Defendant then walked Carolus outside, holding her by the hair.
 {¶ 5} Once outside, Carolus began struggling to break free of Defendant. He responded by repeatedly stabbing Carolus in the thighs, legs, back and abdomen. While stabbing Carolus Defendant held his thumb halfway up on the blade of the knife. Carolus speculated that Defendant did this so that he didn't cause her any serious harm. Nevertheless, Carolus testified that blood came through her pants from the stab wounds.
 {¶ 6} Carolus was eventually able to free herself, and she ran for help. A passing motorist stopped and called for an ambulance. Carolus was taken to Good Samaritan Hospital. She was diagnosed as suffering from bruising and swelling in her face, neck, chest, arms, and legs, and multiple puncture wounds on her arms, legs, back and stomach, including a deep puncture wound on her right thigh.
 {¶ 7} Police interviewed Carolus at the hospital and took photographs of her injuries. Carolus was released from the hospital that same day. On May 9, 2002, Carolus was interviewed at the police station and she identified Defendant as her attacker from a photospread.
 {¶ 8} Defendant was indicted on one count of Kidnaping, R.C.2905.01(A)(3), and one count of felonious assault, R.C 2903.11(A)(2). Following a trial to the court, Defendant was found guilty of felonious assault but not guilty of kidnaping. The trial court sentenced Defendant to a minimum term of two years imprisonment.
 {¶ 9} Defendant has timely appealed to this court.
FIRST ASSIGNMENT OF ERROR
 {¶ 10} "The trial court erred as a matter of law in finding the defendant guilty of felonious assault when the state failed to prove that the knife in question was a deadly weapon which is an essential element of the offense."
 {¶ 11} Defendant argues that the evidence presented at trial is insufficient as a matter of law to sustain his conviction for felonious assault because the evidence fails to prove that the knife used in this attack was a "deadly weapon" as that term is defined by law. We disagree.
 {¶ 12} Defendant was convicted of felonious assault, in violation of R.C. 2903.11(A)(2). That section states:
 {¶ 13} "No person shall knowingly do either of the following:
 {¶ 14} "Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 15} "Deadly weapon" is defined in R.C 2923.11(A):
 {¶ 16} "Deadly weapon means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." See also: R.C.2903.11(E)(1).
 {¶ 17} Defendant's argument challenges the legal sufficiency of the State's evidence. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The proper test to apply is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 18} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 19} Defendant argues that the evidence is insufficient to prove that the knife used in this attack was a deadly weapon. More specifically, Defendant argues that there is no proof that the knife Defendant used was capable of inflicting death. In that regard Defendant points out that the only reference to this weapon by the victim was when she described it as a pocketknife, observing that the blade was open. The knife was never introduced into evidence, and there was no testimony describing the knife, including the type or length of the blade. The knife was never recovered.
 {¶ 20} We agree with Defendant that knives are generally not presumed to be deadly weapons. State v. Crenshaw (August 3, 2001), Greene App. No. 2000-CA-76. Instead, the State has the burden to prove that the knife meets the statutory definition of deadly weapon set out in R.C.2923.11. Id.
 {¶ 21} The definition of deadly weapon in R.C. 2923.11(A) imposes two requirements of proof. First, the article must be capable of inflicting death. Second, the article must either (1) have been designed or specially adapted for use as a weapon or (2) possessed, carried, or used as a weapon. Either alternative branch of the second requirement can be employed to prove the proposition. When use is a factor, the manner of its use and the nature of the instrument itself determines its capacity to inflict death. State v. Deboe (1977), 62 Ohio App.2d 192.
 {¶ 22} Defendant cites State v. Cathel (1998), 127 Ohio App.3d 408, in which the court held that a pocketknife the defendant carried in his pocket was not a deadly weapon. There was no evidence that the defendant was involved in criminal conduct. Here, there is no question that Defendant Schooler was involved in criminal conduct, and that he used a pocketknife in committing it.
 {¶ 23} Defendant also cites State v. Cherry (1995),107 Ohio App.3d 76, for the proposition that when the article is not introduced in evidence it can't be found to be a deadly weapon. That was not the holding in Cherry. Indeed, the court observed that "[i]f in fact a stabbing took place, a deadly weapon must have been involved in the incident." Id., at p. 479.
 {¶ 24} On this record, the issue presented was whether the pocketknife Defendant wielded was (1) capable of inflicting death, and (2) used as a weapon. R.C. 2923.11(A). We believe those elements were fully proved.
 {¶ 25} Clearly, a knife is as an instrument capable of inflicting death by virtue of its design and manner of use. State v. Deboe (1977),62 Ohio App.2d 192; State v. Anderson (1981), 2 Ohio App.3d 71. Moreover, the evidence presented in this case clearly demonstrates that Defendant used this knife as a weapon. Crenshaw, supra; State v. Heath
(March 14, 2003), Montgomery App. No. 19350, 2003-Ohio-1262. Ms. Carolus suffered numerous puncture wounds to various parts of her body as a result of being repeatedly stabbed by Defendant. The trial court specifically found that this knife, had it hit an artery during the stabbing, was capable of inflicting death. Furthermore, Defendant's repeated statements to Ms. Carolus during this attack that he was going to kill her demonstrate his awareness that the knife he wielded was capable of inflicting death. State v. Clendenin (January 24, 2000), Stark App. No. 1999CA00228.
 {¶ 26} Viewing the evidence in this case in a light most favorable to the State, as we are required to do, we conclude that a rational trier of fact could find all of the essential elements of felonious assault, including the use of a deadly weapon, to have been proved beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence on that element of the offense.
 {¶ 27} The assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, P.J. and YOUNG, J., concur.