OPINION
{¶ 1} Roy Berry appeals from his conviction and sentence on one count of felonious assault in violation of R.C. §2903.11(A)(2).
 {¶ 2} Berry advances two assignments of error on appeal. First, he argues that the evidence presented at trial was legally insufficient to sustain his conviction. Second, he contends his conviction is against the manifest weight of the evidence.
 {¶ 3} The present appeal stems from a confrontation between Berry and Kenneth Rachal during a Halloween party in the Oregon District. At trial, Rachal testified that he drove to the party with his roommate, Jacob Brown. Upon arriving, Rachal parked downtown and began walking toward the Oregon District with Brown. As they did so, Berry approached on a bicycle and asked for a dollar. According to Rachal, when he turned down the request, Berry threatened to slash his car's tires. Rachal ignored the threat and continued on to the party with Brown. After the party ended, the two men returned to the car and discovered that two tires had been slashed. As a result, Rachal called a tow truck and waited inside the vehicle with Brown.
 {¶ 4} While the two men were waiting, Rachal saw Berry ride past on his bicycle. Rachal exited the car and confronted Berry, asking why he had slashed the car's tires. Rachal testified that Berry responded by jumping off of his bicycle, removing a knife from his pants pocket, and saying, "[N]ow I'm gonna mess you up, boy." According to Rachal, Berry opened the knife, which had a blade approximately five inches long, and tried to stab him three or four times. While dodging the knife, Rachal tripped over a parking meter and fell into the street on the other side of his car from Berry. At that point, Berry got back on his bicycle and started to pedal away. Angered by the incident, Rachal chased Berry briefly on foot but could not catch him. A few days later, Rachal saw Berry again at Sinclair Community College and had him apprehended by campus police.
 {¶ 5} Brown also testified at trial and confirmed the version of events described by Rachal. With regard to the knife, he agreed with a characterization of Berry's conduct as "slashing," "poking," and "lunging" at Rachal. Following Brown's testimony, the State rested its case and Berry presented no evidence. The jury found Berry guilty of felonious assault, and the trial court subsequently imposed a five-year prison sentence.
 {¶ 6} In his first assignment of error, Berry contends the evidence presented at trial was legally insufficient to sustain his conviction. When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on each element of the offense to sustain the verdict as a matter of law. State v. Hawn (2000), 138 Ohio App.3d 449,471. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus.
 {¶ 7} Here Berry was convicted of violating R.C. §2903.11(A)(2), which provides that no person shall knowingly cause or attempt to cause physical harm to another by means of a deadly weapon. In support of his sufficiency-of-the-evidence argument, Berry appears to argue, alternatively, (1) that there was no knife, (2) that the knife was not a deadly weapon, or (3) that he did not attempt to cause physical harm with the knife.
 {¶ 8} Viewing the evidence in a light most favorable to the State, however, we believe the prosecutor presented legally sufficient evidence to sustain Berry's conviction. First, both Rachal and Brown testified that Berry displayed a knife. Therefore, the jury reasonably could have found there was a knife. Second, they testified that Berry opened the blade, which was approximately five inches long, and slashed, poked, or lunged at Rachal several times. This testimony supports a finding that the knife was a "deadly weapon." We previously addressed the issue of a knife qualifying as a deadly weapon for purposes of a felonious assault conviction in State v. Schooler, Montgomery App. No. 19627, 2003-Ohio-6248. There we stated:
 {¶ 9} "We agree with Defendant that knives are generally not presumed to be deadly weapons. Instead, the State has the burden to prove that the knife meets the statutory definition of deadly weapon set out in R.C. § 2923.11.
 {¶ 10} "The definition of deadly weapon in R.C. § 2923.11(A) imposes two requirements of proof. First, the article must be capable of inflicting death. Second, the article must either (1) have been designed or specially adapted for use as a weapon or (2) possessed, carried, or used as a weapon. Either alternative branch of the second requirement can be employed to prove the proposition. When use is a factor, the manner of its use and the nature of the instrument itself determines its capacity to inflict death." Id. at ¶ 20-21 (citations omitted).
 {¶ 11} In our view, the jury reasonably could have found that a knife with a blade approximately five inches long is capable of inflicting death and that Berry used the knife as a weapon when he opened the blade and slashed, poked, or lunged at Rachal with it. Therefore, the record supports a finding that the knife was a deadly weapon under the felonious assault statute.
 {¶ 12} Finally, the jury reasonably could have found that Berry attempted to cause physical harm with the knife when he slashed, poked, or lunged at Rachal with it. As a result, Berry's felonious assault conviction is based on legally sufficient evidence. His first assignment of error is overruled.
 {¶ 13} The manifest-weight-of-the-evidence issue raised in Berry's second assignment of error is equally unpersuasive. The essence of this argument is that Berry's act of "waving" a knife at Rachal did not constitute an attempt to cause physical harm. Berry appears to argue that he merely was trying to frighten Rachal and did not attempt to stab him.
 {¶ 14} We find Berry's argument to be without merit. When a conviction is challenged on appeal as being against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 15} Here we do not find that the evidence weighs heavily against Berry's conviction. Although Berry suggests that he only wanted to frighten Rachal, the jury reasonably could have found that he attempted to cause physical harm by first threatening to "mess you up" and then slashing, poking, or lunging at Rachal with the knife. Having reviewed the entire record, weighed the evidence and all reasonable inferences, and considered witness credibility, we do not find that, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. As a result, we overrule Berry's second assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
Wolff, J., and Fain, J., concur.