[Cite as *State v. Jemison*, 2022-Ohio-3597.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| STATE OF OHIO, | : | |
| | | |
| Appellee, | : | CASE NO. CA2022-03-009 |
| | : | O P I N I O N |
| - vs - | | 10/11/2022 |
| | : | |
| DUANE JEMISON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21CR38452


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Michael J. Trapp, for appellant.



**S. POWELL, J.**

{¶ 1}  Appellant, Duane Jemison, appeals his conviction in the Warren County Court of Common Pleas after a jury found him guilty of two counts of first-degree felony felonious assault in violation of R.C. 2903.11(A)(2).[1]  For the reasons outlined below, we affirm

---

1. The jury also found Jemison guilty of one count of third-degree felony failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B).  Jemison does not challenge the jury's verdict finding him guilty of that offense in this appeal.

Jemison's conviction.

{¶ 2}   On October 11, 2021, the Warren County Grand Jury returned an indictment charging Jemison with the two above-named offenses.  Following the denial of Jemison's motion to suppress, the matter proceeded to a two-day jury trial held on February 23 and 24, 2022.  During trial, the jury heard testimony from three Ohio State Highway Patrol troopers, Trooper Elyse Roddy, Trooper Kyle Doebrich, and Trooper Brett Lee, and one Ohio State Highway Patrol sergeant, Sergeant Shawn Smart.  The jury also saw video footage taken from Roddy's, Doebrich's, and Lee's cruiser cameras.  Jemison did not present any testimony or evidence in his defense.

{¶ 3}   The evidence presented at trial established that on the morning of August 30, 2021, after Trooper Roddy initiated a traffic stop on Jemison for making an improper lane change while traveling on northbound I-71 near mile marker 40 in Warren County, Ohio, Jemison deliberately accelerated and rammed his vehicle into both Trooper Doebrich's and Trooper Lee's cruisers while the troopers were attempting to stop Jemison's vehicle.[2]  The evidence also established that the resulting collisions between Jemison's vehicle and Doebrich's and Lee's cruisers caused both troopers to sustain neck and back soreness/stiffness.

{¶ 4}   Following deliberations, the jury returned a verdict finding Jemison guilty of the two-above named offenses as charged.  Shortly thereafter, on March 3, 2022, the trial court held a sentencing hearing and sentenced Jemison to serve two concurrent three to four-and-one-half year prison terms for those two offenses.  The trial court also ordered Jemison to pay $9,003.58 in restitution to the Ohio State Highway Patrol and suspended

_____

2. The pursuit of Jemison's vehicle took place over approximately 40 miles and extended into at least three counties with speeds approaching 100 miles per hour.  The pursuit ultimately concluded after stop sticks were deployed and Jemison's vehicle's front passenger side tire deflated and came apart, thereby requiring Jemison to drive on the wheel's rim.

Jemison's driver's license for a period of ten years. Jemison now appeals his conviction, raising two assignments of error for review. For ease of discussion, we will address Jemison's two assignments of error together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ENTERING A JUDGMENT ON COUNT I THAT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ENTERING A JUDGMENT ON COUNT II THAT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶ 9} In his two assignments of error, Jemison argues the state provided insufficient evidence to support the jury's verdict finding him guilty of felonious assault against either Trooper Doebrich or Trooper Lee. We disagree.

{¶ 10} "A claim challenging the sufficiency of the evidence invokes a due process concern and raises the question whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, ¶ 165, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, (1997); *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.). "When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. "The relevant inquiry is 'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v.*

*Roper*, 12th Dist. Clermont No. CA2021-05-019, 2022-Ohio-244, ¶ 39, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. This test "requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34.

{¶ 11} As noted above, the jury found Jemison guilty of two counts of first-degree felony felonious assault against Trooper Doebrich and Trooper Lee in violation of R.C. 2903.11(A)(2).[3] This required the state to prove, beyond a reasonable doubt, that Jemison "knowingly" caused or attempted to cause "physical harm" to both Trooper Doebrich and Trooper Lee "by means of a deadly weapon or dangerous ordnance." *See State v. Eitzman*, 3d Dist. Henry No. 7-21-03, 2022-Ohio-574, ¶ 11, citing R.C. 2903.11(A)(2). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). The phrase "physical harm to persons" is defined by R.C. 2901.01(A)(3) to mean "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶ 12} R.C. 2923.11(A) defines the term "deadly weapon" to mean "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." "[A]n instrumentality can become 'deadly' depending upon the manner and the situation in which it is used." *State v. Griffith*, 12th Dist. Butler No. CA95-10-167, 1996 Ohio App. LEXIS 4539, *15 (Oct. 14, 1996), citing *State v. Deboe*, 62 Ohio App.2d 192, 193 (6th Dist.1977). "It is well-established that an automobile can be classified as a deadly weapon under R.C. 2923.11 when used in a manner likely to produce death or great bodily harm." *State v. Upham*, 12th Dist. Butler No.

---

3. Felonious assault is generally charged as a second-degree felony. *State v. McClendon*, 10th Dist. Franklin No. 11AP-354, 2011-Ohio-6235, ¶ 19. However, pursuant to R.C. 2903.11(D)(1)(a), if the victim of the felonious assault "is a peace officer or an investigator of the bureau of criminal identification and investigation, felonious assault is a felony of the first degree." There is no dispute that Troopers Doebrich and Lee were both "peace officers" as that term is defined by R.C. 2935.01(B).

CA96-08-157, 1997 Ohio App. LEXIS 1992, *5 (May 12, 1997); *State v. Hudson*, 7th Dist. Mahoning No. 11 MA 130, 2012-Ohio-5614, ¶ 25. "The determination of whether an automobile is a deadly weapon is a question of fact for the jury." *State v. Jones*, 12th Dist. Butler No. CA98-10-222, 1999 Ohio App. LEXIS 4160, *14-*15 (Sept. 7, 1999).

**{¶ 13}** In this case, we find there was more than enough evidence to prove beyond a reasonable doubt that Jemison knowingly caused or attempted to cause physical harm to both Trooper Doebrich and Trooper Lee by means of a deadly weapon when he deliberately —not accidentally—accelerated and rammed his vehicle into each of their cruisers, thereby causing both troopers to sustain physical harm to their persons in the form of neck and back soreness/stiffness. This holds true even though Jemison was ultimately unsuccessful in his efforts to escape apprehension either by seriously injuring the troopers or by completely disabling the troopers' cruisers when he intentionally collided with them.[4] This is because, rather than simply using his vehicle as means to effectuate his escape, Jemison instead used his vehicle as a weapon against the troopers in a manner similar to that of a knife or a firearm. Therefore, because the state provided sufficient evidence to support the jury's verdict finding Jemison guilty of felonious assault against both Trooper Doebrich and Trooper Lee beyond a reasonable doubt, Jemison's two assignments of error lack merit and are overruled.

**{¶ 14}** Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.

---

4. We note that, although Jemison did not completely disable Trooper Doebrich's cruiser, Jemison was able to render Trooper Lee's cruiser inoperable when he rammed his vehicle into the cruiser's front passenger tire, thus causing the cruiser's tie rod to break.